THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIM DIANE KOENIG,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BAINBRIDGE ISLAND, BAINBRIDGE ISLAND POLICE DEPARTMENT, STEVEN CAIN,<br><br>    Defendants. | No. CV10-5700RJB<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM ON BEHALF OF STEVEN CAIN |

COME NOW the Defendants and by way of answer to Plaintiff's Complaint for Damages for Violation of Constitutional Rights, do hereby admit, deny and allege as follows:

I.   PARTIES, VENUE AND JURISDICTION

Answering paragraphs 1, 2, 3, 4, and 5, Defendants admit the same.

II.   FACTS

Answering paragraph 6, Defendants deny that Plaintiff was falsely arrested, as she attempted to interfere or distract a Bainbridge Island police officer as he was attempting to

ANSWER AND COUNTERCLAIM OF DEF. CAIN- 1
Cause No. CV10-5700RJB
K:\RBJ\wcia07146\Pleadings\p-110210-ANSWER AND COUNTERCLAIMdoc.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1  administer field sobriety tests to her husband on the side of the road.  Defendants deny that
2  Plaintiff was sexually assaulted as Officer Cain was trying to get a drunk and incoherent
3  Plaintiff into the patrol car after her arrest and she repeatedly screamed "he's dry fu....g me"
4  at the top of her lungs as Officer Cain simply tried to get her into the patrol car.

5  Answering paragraph 7, Defendants admit that Bainbridge Island Police Officer
6  Richard Christopher stopped the vehicle driven by John Muenster and occupied by Plaintiff
7  as Mr. Muenster was driving 45 mph in a 30 mph zone.

8  Answering paragraph 8, Defendants admit the same.

9  Answering paragraph 9, Defendants admit that Officer Christopher asked Mr.
10 Muenster to get out of the vehicle and perform field sobriety tests as Mr. Muenster's eyes
11 were watery and bloodshot, the car smelled strongly of intoxicants,  he fumbled with his
12 insurance card as he attempted to retrieve it from his wallet, and admitted to having two
13 drinks.  Defendants admit the remainder of paragraph 9.

14 Answering paragraph 10, Defendants admit that Kim Koenig is an attorney who
15 specifically advertises as specializing in criminal defense and police misconduct cases such
16 as excessive force, police brutality and civil right violations.

17 Answering paragraph 11, Plaintiff at first appeared to be slumped over in the
18 passenger seat, but managed to begin giving legal advice to her husband as Officer
19 Christopher had Mr. Muenster step from the car.  As Officer Christopher continued his
20 investigation with Muenster out of the car, Plaintiff, appearing intoxicated, attempted to
21 interfere with Officer Christopher and distract him as she left the car interior and staggered
22 toward Officer Christopher and her husband.  Officer Christopher then had Plaintiff and
23 Muenster return to the car, as their presence outside of the vehicle on a dark two lane road

24
ANSWER AND COUNTERCLAIM OF DEF. CAIN- 2
Cause No. CV10-5700RJB
K:\RBJ\wcia07146\Pleadings\p-110210-ANSWER AND COUNTERCLAIMdoc.doc

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

at midnight while it was raining posed potential safety issues for Officer Christopher and the Plaintiff and her husband.  Officer Christopher called for a second police unit based on the situation, and Officer Cain arrived at the scene several minutes later.  Defendants admit that once Officer Cain arrived, and Mr. Muenster stepped out of the vehicle once more, Plaintiff got out of the car and tried to approach where Officer Christopher was conducting the investigation of her husband even though she was told repeatedly by Officer Cain not to do so.

Answering paragraph 12, Defendants deny that Officer Cain should have allowed Plaintiff to physically involve herself in a roadside investigation due to safety concerns for both the officers involved and the Plaintiff.  Defendants deny that Officer Cain expressed anger at Plaintiff or "accosted" Plaintiff.  Defendants admit that Officer Cain arrested Plaintiff after warning her repeatedly that if she did not return to her car, she would be arrested for obstructing.  Defendants admit that Officer Cain did physically force Plaintiff back to his police vehicle as when he was left no choice but to place Plaintiff under arrest, she immediately went limp and then began struggling to prevent him from bringing her back to his patrol car.  Defendants deny that Officer Cain sexually assaulted Plaintiff, but admit that as Officer Cain was trying to get her back to the patrol car, and with other police officers and Plaintiff's husband there at the scene, Plaintiff repeatedly screamed "he's dry fu..ing me" as Officer Cain was simply trying to place her in the patrol car.  Defendants deny that Plaintiff was "whiplashed", or "strangled" as those actions did not occur and photographs taken of Plaintiff's alleged injuries the day after the incident clearly show no injuries other than a bruise on Plaintiff's arm where Officer Cain was attempting to escort her to the patrol car after her arrest.

ANSWER AND COUNTERCLAIM OF DEF. CAIN- 3
Cause No. CV10-5700RJB
K:\RBJ\wcia07146\Pleadings\p-110210-ANSWER AND COUNTERCLAIMdoc.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Answering paragraph 13, Defendants admit that Plaintiff was screaming "he's dry fu..ing me" as Officer Cain was trying to get Plaintiff into the patrol car after she was arrested. Defendants deny the remainder of paragraph 13 as Officer Cain had ample probable cause to arrest Plaintiff for obstructing as she physically attempted to inject herself into Officer Christopher's investigation and prevent him from administering field sobriety tests to her husband or investigating whether Muenster was driving under the influence.

Answering paragraph 14, Defendants admit that Lieutenant Chris Jensen checked on Plaintiff after she was arrested, but did so simply because Officer Cain requested that he do so. Lieutenant Jensen observed that Plaintiff was obviously drunk and at times incoherent as he spoke with her. Defendants deny the remainder of the allegations in paragraph 14.

Answering paragraph 15, Defendants admit that Plaintiff was transported to the police department where she was booked in but deny that she suffered humiliation from the booking as any humiliation she suffered was likely from the fact that she was so intoxicated she had defecated in her pants while being transported in the patrol car.

Answering paragraph 16, Defendants admit the same.

Answering paragraph 17, Defendants deny that Officer Cain filed a false police report as Plaintiff was in fact intoxicated and had in fact obstructed Officer Christopher's efforts to investigate her husband's DUI, and Plaintiff had in fact resisted arrest. Defendants assert that the remainder of paragraph 17 regarding allegations that Plaintiff was sexually assaulted in any fashion are outright fabrications.

Answering paragraph 18, Defendants deny that any policymakers ratified any unconstitutional actions as Officer Cain's actions were lawful, reasonable and appropriate.

Answering paragraphs 19, 20, and 21 Defendants deny the same.

ANSWER AND COUNTERCLAIM OF DEF. CAIN- 4
Cause No. CV10-5700RJB
K:\RBJ\wcia07146\Pleadings\p-110210-ANSWER AND COUNTERCLAIMdoc.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Answering paragraph 22, the assertions in this paragraph are conclusions of law not requiring a response.

### III.   CAUSES OF ACTION

Answering paragraphs 23, 24, 25 and all subparts, and 26 and all subparts, Defendants deny the same in their entirety.

### IV.   PRAYER FOR RELIEF

Answering paragraphs 27, 28, 29, 30, and 31, Defendants deny the same in their entirety.

FURTHER ANSWERING AND BY WAY OF AFFIRMATIVE DEFENSES, DEFENDANTS ALLEGE AS FOLLOWS:

1.   **Lawful Use of Force / Contributory Fault.**  Any damages suffered by the Plaintiff was a function of her failure to obey lawful police commands.  Accordingly, Plaintiff's claims are barred, or should be appropriately reduced, by her own contributory fault.

2.   **Failure to Mitigate Damages/Doctrine of Avoidable Consequences.**  If the Plaintiff has incurred any damages, recovery is barred or reduced by its failure to mitigate damages as required by law.

3.   **No Proximate Causation.**  The acts and/or omissions of Defendants were not a proximate cause of any damage, loss or injury to Plaintiff.

6.   **Qualified Immunity.**  Plaintiffs' claims are barred by the doctrine of qualified immunity, which constitutes immunity from suit and burdensome discovery.

7.   **Failure to State a Claim.**  Plaintiff fails to state a claim on which relief can be granted.

8.   **Discretionary Immunity.**  Plaintiffs' claims are barred by the doctrine of discretionary immunity.

Cause No. CV10-5700RJB
K:\RBJ\wcia07146\Pleadings\p-110210-ANSWER AND COUNTERCLAIMdoc.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

## RESERVATION OF RIGHTS

Defendants reserve the right to amend this Answer to add or remove affirmative defenses and/or counterclaims, or by instituting third-party actions as additional facts are obtained through investigation and/or discovery.

## JURY DEMAND

Defendants also demand a jury for all issues in this lawsuit.

## COUNTERCLAIM

1. In 1984 the Washington State Legislature made a specific finding that there were a growing number of unfounded claims and lawsuits filed against law enforcement, which had the purpose of deterring those officers from performing their duties.

2. The legislature also found that the costs of defending such unfounded suits is severely burdensome to such officers and their employers, and passed RCW 4.24.350 to remedy this problem.

3. This lawsuit is typical of unfounded and frivolous lawsuits contemplated by the legislation. Plaintiff's claims are frivolous. Officer Cain is entitled to all relief under the law, including liquidated damages of $1,000.00. The Plaintiff is also liable for Officer Cain's attorney's fees.

### II. IDENTIFICATION OF PARTIES

This counterclaim is brought on behalf of Defendant Officer Steven Cain.

1. This counterclaim is against the Plaintiff Kim Koenig.

### III. JURISDICTION

ANSWER AND COUNTERCLAIM OF DEF. CAIN- 6
Cause No. CV10-5700RJB
K:\RBJ\wcia07146\Pleadings\p-110210-ANSWER AND COUNTERCLAIMdoc.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

2. This court has supplemental jurisdiction over the counterclaim under 28 U.S.C §1367.

## IV.   FACTS

3. Plaintiff has instituted this lawsuit against Officer Cain knowing that this suit is false, unfounded, malicious and without probable cause.  Plaintiff has misused the judicial process by filing an action she knows to be false and unfounded.  Plaintiff was incoherent and drunk as she attempted to interfere with Officer Christopher's investigation of whether her husband was Driving Under the Influence.  Plaintiff forced Officer Cain to arrest her to prevent her from interfering with the investigation and/or creating safety hazards for Plaintiff and the police officers.  Plaintiff has fabricated the claim that Officer Cain then sexually assaulted her in an effort to deflect attention away from her drunk, irrational and unlawful actions at the scene.

   a. Based upon this false and unfounded action, Officer Cain has the right to relief under RCW 4.24.350.

   b. Officer Cain is entitled to all relief under that statute, including liquidated damages of $1000.00 against the Plaintiff and all attorney's fees.

   c. In this lawsuit, Officer Cain specifically disavows any claim for damages in excess of the claim for liquidated damages and attorney's fees, and disavow any claim for personal injury.  As such, Officer Cain does not waive any applicable privileges, including but not limited to, the physician-patient privilege, and does not expose himself to improper intrusive discovery.

ANSWER AND COUNTERCLAIM OF DEF. CAIN- 7
Cause No. CV10-5700RJB
K:\RBJ\wcia07146\Pleadings\p-110210-ANSWER AND COUNTERCLAIMdoc.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

## V. RELIEF REQUESTED

1. Based upon the foregoing allegations, Officer Cain seeks a judgment against the Plaintiff for liquidated damages of $1000.00 along with attorney's fees as provided by RCW 4.24.350.

2  In addition, these answering Defendants pray that Plaintiffs' lawsuit against them be dismissed with prejudice and they take nothing by this complaint, and these answering Defendants be awarded their costs and attorney's fees under 42 U.S.C § 1988.

## PRAYER FOR RELIEF

WHEREFORE, having answered the Plaintiff's Complaint, Defendants pray for judgment as follows:

1. That Plaintiff's Complaint be dismissed with prejudice and without costs;

2. That any eventual judgment against Defendants be reduced by the percentage of contributory fault attributable to Plaintiff and/or third party/entities; and

3. For Defendants' costs and disbursements incurred herein, including reasonable attorneys' fees and attorneys' fees pursuant to RCW 4.84.185, 42 U.S.C. §1983, 1985, 1986 and 1988 and for such other and further relief as the Court deems just and equitable.

DATED this 30th day of November, 2010.

> s/ Richard B. Jolley
> WSBA #23473
> Keating, Bucklin & McCormack, Inc., P.S.
> 800 Fifth Avenue, Suite 4141
> Seattle, WA  98104
> Telephone:  (206) 623-8861
> Fax: (206) 223-9423
> E-mail:  rjolley@kbmlawyers.com

ANSWER AND COUNTERCLAIM OF DEF. CAIN- 8
Cause No. CV10-5700RJB
K:\RBJ\wcia07146\Pleadings\p-110210-ANSWER AND COUNTERCLAIMdoc.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

## DECLARATION OF SERVICE

I hereby declare under penalty of perjury under the laws of the State of Washington, that on November 30, 2010, I electronically filed with the Clerk of the Court the foregoing Answer and Counterclaim using the CM/ECF system which will send notification of such filing to the following:

> Michael Withey
> Law Offices of Michael Withey
> 601 Union Street, Ste 4200
> Seattle, WA 98101
> *Attorney for Plaintiff*

s/Beverly A. Eberhardt
Keating, Bucklin & McCormack, Inc., P.S.
800 Fifth Avenue, Suite 4141
Seattle, WA  98104
Ph:  206-623-8861
Fax:  206-223-9423
beberhardt@kbmlawyers.com

ANSWER AND COUNTERCLAIM OF DEF. CAIN- 9
Cause No. CV10-5700RJB
K:\RBJ\wcia07146\Pleadings\p-110210-ANSWER AND COUNTERCLAIMdoc.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423