THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIM DIANE KOENIG,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF BAINBRIDGE ISLAND, BAINBRIDGE ISLAND POLICE DEPARTMENT, STEVEN CAIN,<br><br>   Defendants. | No. CV10-5700RJB<br><br>DEFENDANTS' MOTION FOR PROTECTIVE ORDER IMPOSING FINANCIAL PENALTIES IF VIOLATED<br><br>NOTED FOR: April 1, 2011 |

## I.   INTRODUCTION

Plaintiff claims she was sexually assaulted and strangled until she defecated by Bainbridge Island Police Officer Steve Cain. This incident is not alleged to have occurred in a dark alley, vacant building, or some other location which would allow the perpetrator to avoid attention. Instead, Plaintiff asserts this sexually motivated attack transpired as Plaintiff was arrested on the side of the road with multiple Bainbridge Island police officers on scene as her husband was being investigated for a possible DUI.

Plaintiff, an attorney, claims that as she attempted to provide "legal advice" to her husband, who was on the side of the road being investigated for a DUI, Officer Cain

DEF MOTION FOR PROTECTIVE ORDER IMPOSING
FINANCIAL PENALTIES IF VIOLATED- 1
Cause No. CV10-5700RJB
K:\RBJ\wcia07146  (BI  -  Koenig)\Pleadings\p-030111-public  records
motion.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

attacked and sexually assaulted her. Plaintiff acknowledges that multiple police officers were on the scene, and claims that this attack occurred as Officer Cain was placing her in a patrol car. Police reports indicate that Plaintiff was arrested for attempting to interfere as another Bainbridge Island police officer investigated her husband for DUI. The police reports indicate that Plaintiff, who appeared intoxicated as she slurred her words and staggered around, was warned repeatedly to return to the car but refused to comply with police commands.

After her arrest, and subsequent release from custody, Plaintiff called 911 the next day to report that she had been sexually assaulted. Ultimately, the investigations of her allegations were conducted by other police agencies to avoid a potential conflict of interest. Plaintiff now seeks those investigations through discovery. In earlier Public Records Act litigation, Plaintiff or her proxies sought those same investigations. Trial courts in three different counties concluded that the investigations fell outside of the Public Records Act because Plaintiff's allegations were deemed "unsubstantiated".

Defendants now seek a protective order related to these same investigations. Defendants are concerned that Plaintiff will disseminate these investigations to unauthorized third parties. Plaintiff has relentlessly pursued Officer Steve Cain in a variety of public forums claiming that Officer Cain has a criminal record, is a rapist, has assaulted numerous other individuals and even had to "flee" his home state of Indiana. Given Plaintiff's zeal for pursing Officer Cain, including a willingness to simply fabricate outrageous claims, Defendants seek a protective order which imposes financial penalties on Plaintiff should she violate the protective order and provide these investigations to

DEF MOTION FOR PROTECTIVE ORDER IMPOSING
FINANCIAL PENALTIES IF VIOLATED- 2
Cause No. CV10-5700RJB
K:\RBJ\wcia07146  (Bl  -  Koenig)\Pleadings\p-030111-public  records motion.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1  unauthorized third parties. Plaintiff's counsel has indicated that his client would not enter
2  into such a protective order so Defendants now seek relief from the Court.

## II. ISSUES PRESENTED

A. Should the Court provide a Protective Order which imposes financial penalties on Plaintiff for disseminating investigations deeming her allegations unsubstantiated when Plaintiff has already made false and outrageous claims about Officer Cain in a variety of public forums?

## III. EVIDENCE RELIED UPON

A. Plaintiff's Complaint on file with the Court, Dkt. No. 1;

B. Declaration of Defense Counsel with Exhibits.

## IV. FACTS

**A. Plaintiff Alleges She Was Raped In the Presence of Multiple Police Officers**

On September 30, 2007, Plaintiff's husband was pulled over at midnight by a Bainbridge Island Police Officer. *See* Incident Report attached as **Exhibit A** to Declaration of defense counsel. Plaintiff's husband, John Muenster, was driving while Plaintiff was a passenger. *Id.* The police officer who pulled Muenster over noticed a strong odor of intoxicants coming from the vehicle which prompted him to investigate whether the driver was impaired. *Id.* The officer noted that Plaintiff was slumped forward, leaning against the front passenger door of the car and had a vacant and flushed appearance. *Id.* The investigating officer asked the driver, Plaintiff's husband, if he would submit to field sobriety tests. *Id.* In response, Muenster indicated that he wanted to talk with his wife, an attorney, and request legal advice. *Id.* When Plaintiff advised Muenster to exercise his rights and not take any tests, the investigating officer noted that her speech was slurred and she sounded intoxicated. *Id.*

DEF MOTION FOR PROTECTIVE ORDER IMPOSING
FINANCIAL PENALTIES IF VIOLATED- 3
Cause No. CV10-5700RJB
K:\RBJ\wcus07146 (BI - Koenig)\Pleadings\p-030111-public records motion.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE (206) 623-8861
FAX: (206) 223-9423

The investigating officer then asked Muenster to exit the car so he could determine if the heavy odor of intoxicants was coming from Muenster or Plaintiff. Plaintiff exited the vehicle along with Muenster. *Id.* The investigating officer told Plaintiff to get back in the vehicle and noted that she was staggering and swaying as she walked towards him. *Id.* The investigating officer then ordered Plaintiff and her husband to get back in the vehicle as it was dark, there were no streetlights in the area and it was raining as they all stood on the side of the road. *Id.* The investigating officer then called for a second unit to assist. *Id.* Defendant Officer Cain then arrived on the scene driving the second unit. *Id.*

The investigating officer then recontacted Muenster and asked him to exit the vehicle. *Id.* Plaintiff again got out of the car along with her husband. *Id.* The investigating officer heard Officer Cain order Plaintiff to remain in the vehicle as Plaintiff began to yell that her husband had asked for an attorney. *Id.* The investigating officer then heard Officer Cain order Plaintiff three more times to remain in the vehicle or she would be arrested for obstructing. *Id.* He then observed Officer Cain place Plaintiff under arrest. *Id.* The investigating officer could hear Officer Cain telling Plaintiff repeatedly to walk to his car as he observed Plaintiff attempting to pull away and continuing to yell and scream. *Id.* When the investigating officer saw Officer Cain arrive at his patrol car with Plaintiff, the investigating officer went to Cain's vehicle to see if Cain needed further assistance. *Id.*

Plaintiff alleges that once Officer Cain got her back to his patrol car, Officer Cain

> threw me onto the back of his patrol car so that I was face down, still in handcuffs, with my rear end on the car or slightly up in the air. He then forced his body on top of my body and maneuvered it until I could feel his penis in the crack of my buttocks. He then started "humping me" as one would do during anal intercourse. I was screaming and

DEF MOTION FOR PROTECTIVE ORDER IMPOSING
FINANCIAL PENALTIES IF VIOLATED- 4
Cause No. CV10-5700RJB
K:\RBJ\wcia07146  (BI  -  Koenig)\Pleadings\p-030111-public  records
motion.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

screaming for him to stop. I was screaming over and over again, "help, help, now he's fucking me, he's fucking me".

*See* Plaintiff's Complaint for assault, sexual assault, and strangulation attached as **Exhibit B** to Declaration of Counsel.

Plaintiff alleges that Officer Cain sexually assaulted her while the investigating officer was dealing with her husband and another patrol car had also arrived at the scene. *Id.*

### B. Plaintiff Has Attacked Officer Cain In a Variety of Venues

Plaintiff's lawsuit not only alleges that Officer Cain sexually assaulted her in the presence of other police officers during the course of a roadside investigation, but also makes the claim that Officer Cain previously sexually assaulted a suspect.[1] Not content to simply litigate these outrageous claims in court, Plaintiff has also doggedly pursued Officer Cain in a number of other venues.

Plaintiff petitioned the Bainbridge Island City Council for the opportunity to meet with the City Council and "speak truth to power". *See* Plaintiff's email of January 31, 2010, attached as **Exhibit C** to Declaration of Defense Counsel. In that email, not only does Plaintiff repeat the claim that Officer Cain sexually assaulted her and strangled her to the point of causing her to defecate, Plaintiff also claims that Officer Cain has "assaulted a number of other citizens and that these citizens will also be filing claims with the City".[2] Plaintiff has also made accusations on internet forums that Officer Cain "withheld a criminal conviction when he applied for a job with a local police force, that he makes false

---

[1] This claim of a previous sexual assault is baseless. The only "evidence" to support this claim are half-baked inferences drawn from third-hand gossip.

[2] Although Plaintiff promises in the email that a number of other citizens would be filing claims with the City alleging that Officer Cain assaulted them, over a year has elapsed since this email and no other claims have been filed.

DEF MOTION FOR PROTECTIVE ORDER IMPOSING
FINANCIAL PENALTIES IF VIOLATED- 5
Cause No. CV10-5700RJB
K:\RBJ\wcia07146  (BI  -  Koeng)\Pleadings\p-030111-public  records motion.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE  (206) 623-8861
FAX:  (206) 223-9423

1 reports and that he sexually assaults his suspects." *See* Kitsap Sun Internet comments made by PrivateEye attached as **Exhibit D** to Declaration of Defense Counsel. Under the name PrivateEye, Plaintiff made no less than nine comments about Officer Cain, the Bainbridge Island Police Department, and the alleged facts of this case. *Id.* She has made an additional comment using her own name trolling for other "victims" of Officer Cain. *Id.* Further, Defendants have a good faith belief that Plaintiff has made additional internet comments under another pseudonym. *See* Declaration of Defense Counsel.

In addition to petitioning the City Council and making baseless accusations about Officer Cain in internet forums, Plaintiff and her husband have also involved themselves in a criminal case where the defense attorney parroted the baseless accusation that Officer Cain has committed multiple sexual assaults. Following an incident where a drunken subject got in a wrestling match with Officer Cain and another Bainbridge Island Police Officer, and was charged with assault, Plaintiff and her husband got involved in the case.

Plaintiff supplied a declaration to the defendant's attorney where she repeated her accusations that Officer Cain sexually assaulted and strangled her. *See* Declaration of Plaintiff, **Exhibit E**. During the course of discovery in that criminal case, Kitsap County Deputy Prosecutor Justin Zaug was informed that Plaintiff's husband wanted to attend a possible interview or deposition of the Bainbridge Island Police Officers involved in the case. *See* Declaration of Defense Counsel. The criminal defense attorney later filed pleadings in the case alleging that Officer Cain had sexually assaulted multiple suspects, falsified police reports and committed multiple assaults. *See* Motion to Admit Evidence of Prior Bad Acts attached as **Exhibit F** to Declaration of Defense Counsel.

DEF MOTION FOR PROTECTIVE ORDER IMPOSING
FINANCIAL PENALTIES IF VIOLATED- 6
Cause No. CV10-5700RJB
K:\RBJ\wcia07146   (BI   -   Koenig)\Pleadings\p-030111-public   records motion.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

### C. Washington Courts Have Found The Investigations at Issue to be Exempt from the Public Records Act.

Following Plaintiff's allegations that she was raped and strangled, the Bainbridge Island Police Department requested that outside agencies investigate to avoid any potential conflict of interest. The Puyallup Police Department investigated whether there was any basis to charge Officer Cain with a crime for raping or assaulting Plaintiff. *See* Pierce County Written Decision on Petitioner's Motion for Injunctive Relief attached as **Exhibit G** to Declaration of Defense Counsel. Plaintiff, represented by her husband John Muenster, sought the Puyallup investigation through a public records request. *Id.* The Pierce County Superior Court found that the allegations being investigated by Puyallup were "unsubstantiated" as defined in Public Records Act case law and granted the Bainbridge Island Police Guild and Officer Cain an injunction precluding release of the Puyallup investigation. *Id.*

Likewise, King County Superior Court granted the same injunction when Plaintiff, another private citizen, and two Kitsap County journalists sought the internal investigation conducted by Mercer Island to determine whether Officer Cain had violated any Bainbridge Island Police Department policies. *See* King County Order Granting Petitioner's Motion for Injunctive Relief attached as **Exhibit H** to Declaration of Defense Counsel.[3]  Finally, the Kitsap County Superior Court granted the same injunctive relief when the Kitsap County journalists, represented by Plaintiff's husband and alleged witness, John Muenster, sought the same Puyallup and Mercer Island investigations pursuant to the Public Records Act. *See* Kitsap County Order Granting Motion for Injunctive Relief attached as **Exhibit I** to Declaration of Defense Counsel.

---

[3] The two Kitsap County journalists seeking the investigations along with Plaintiff were Althea Paulson and Tristan Baurick. The comments Plaintiff left about the incident on internet forums were linked to articles written by those journalists.

DEF MOTION FOR PROTECTIVE ORDER IMPOSING
FINANCIAL PENALTIES IF VIOLATED- 7
Cause No. CV10-5700RJB
K:\RBJ\wcia07146  (BI  -  Koenig)\Pleadings\p-030111-public  records motion.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

D.   **Plaintiff's Counsel Refused Defendants' Conditional Offer to Provide the Investigations.**

Plaintiff now seeks the Puyallup and Mercer Island investigations through discovery. As noted above, trial courts in three different counties reviewed these investigations and determined that they were exempt from Public Records Act disclosures because the allegations prompting the investigations were deemed "unsubstantiated". In an effort to move this case along, Defendants sought to conditionally provide these investigations rather than litigate whether Plaintiff was actually entitled to their discovery. *See* Declaration of Defense Counsel. Defendants contacted Plaintiff's counsel and offered to provide the unredacted, complete investigations conditioned upon Plaintiff entering into a protective order. *Id.*

Defendants offered to provide the investigations premised solely on one of two restrictions. *Id.* Defendants requested that Plaintiff agree to some type of financial penalty or liquidated damages provision should Plaintiff disseminate these investigations to unauthorized third parties. *Id.* In the alternative, Defendants offered to provide the investigations premised solely upon Plaintiff's counsel agreeing to preclude Plaintiff from accessing the investigations and restricting access solely to staff, licensed investigators and experts. Plaintiff's counsel refused both options.[4]

V.   **LAW AND ARGUMENT**

The Federal Rules provide that a party may move for protective order. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment,

---

[4] An actual monetary sum for a financial penalty or liquidated damages should Plaintiff disclose the investigations to unauthorized parties was not discussed. Plaintiff's counsel made clear that he would not permit his client to enter into a protective order that provided for *any* financial penalties should Plaintiff violate the order. Defendants hereby certify that the requirements of CR 37 were fulfilled prior to filing of this motion. *See* Declaration of Defense Counsel.

DEF MOTION FOR PROTECTIVE ORDER IMPOSING
FINANCIAL PENALTIES IF VIOLATED- 8
Cause No. CV10-5700RJB
K:\RBJ\wcia07146 (BI - Koenig)\Pleadings\p-030111-public records motion.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

oppression, or undue burden or expense, including, forbidding the discovery, or *limiting the scope of disclosure* or discovery. FRCP 26(c)(1).

### A. The Puyallup and Mercer Island Investigations Are Not Public Information

Three Washington trial courts determined that the Puyallup and Mercer Island investigations were exempt from disclosure under RCW 42.17, the Public Records Act. The allegations contained in the investigations were deemed "unsubstantiated". The trial courts relied upon *Bellevue John Does 1-11 vs. Bellevue School District No. 405*, 164 Wn.2d 199, 189 P.3d 139 (2008), and *City of Tacoma vs. Tacoma News*, 65 Wn.App. 140, 827 P.2d 1094 (1992) in concluding the investigations were not public records. The Washington Supreme Court differentiated between "substantiated" allegations versus "unsubstantiated" or false accusations of sexual misconduct in determining the applicability of the statute. The court noted that there was no public interest in disclosing unsubstantiated allegations and that such disclosure would in fact violate the privacy rights of a public employee.

Here, because Plaintiff's allegations were deemed "unsubstantiated" by both investigations, trial courts in three counties determined that there was no legitimate public interest in releasing the records under the Public Records Act. Accordingly, the investigations are not public records and access to these records should be restricted.[5]

Defendants concede that whether documents are discoverable is a distinct issue from whether those same documents fall within the Public Records Act. The Public Records Act litigation surrounding these investigations, however, illustrates that these investigations are not for public consumption. Defendants have good cause to take steps to ensure that these investigations are not disseminated to third parties.

---

[5] The respective trial court decisions are on appeal to the Washington Supreme Court.

DEF MOTION FOR PROTECTIVE ORDER IMPOSING
FINANCIAL PENALTIES IF VIOLATED- 9
Cause No. CV10-5700RJB

K:\RBJ\wcia07146  (BI  -  Koenig)\Pleadings\p-030111-public  records motion.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

B. **Plaintiff's Actions Demonstrate a Need For Tangible Financial Penalties**

Defendants' concern that Plaintiff will disseminate these investigations to third parties is well founded. Plaintiff has demonstrated a reckless disregard for the truth in her attempts to smear Officer Cain. Along with her absurd claim that Officer Cain "dry f---ed" her in the presence of multiple police officers on the side of the road, Plaintiff has also made the following baseless claims in a variety of public forums.

- That Officer Cain has a criminal conviction which he withheld when he applied for a certain police job (see May 14, 2008 internet forum comments, **Exhibit D** to Declaration of Defense Counsel);
- That Officer Cain makes false reports (*Id.*);
- That Officer Cain was involved in embezzlement/financial impropriety, *see* Declaration of Defense Counsel;
- Officer Cain has a sustained record for sexual misconduct (Plaintiff's supplemental claim for damages, **Exhibit J** to Declaration of Defense Counsel);
- That he "flunked a state polygraph test relating to his theft of tires" (*Id.*);
- That he fled the state of Indiana (*Id.*).[6]
- That Cain is a "known sexual offender" (*Id.*)

Further, it is reasonable to conclude that Plaintiff is the source which led a criminal defense attorney to assert in motion pleadings that Steve Cain is a rapist. Plaintiff's husband John Muenster indicated to Kitsap County Prosecutor Justin Zaug that he wanted to attend interviews/depositions of involved Bainbridge Island Officers including Steve Cain. It is a permissible inference that Plaintiff, Muenster's wife, related the outrageous allegation that Steve Cain is a rapist to the criminal defense attorney.

---

[6] In Plaintiff's Supplemental Claim for Damages, attached as **Exhibit J** to Declaration of Defense Counsel, Plaintiff asserts that "one phone call to his former police chief in Indiana and/or the Indiana state investigator who investigated Cain" would corroborate Plaintiff's assertions made in the supplemental claim for damages. Plaintiff listed a supposed Indiana State "investigator" in initial disclosures. Defense counsel actually called this alleged witness. The witness related that he was an Indiana State Trooper in Steve Cain's home town but knew nothing about any alleged misconduct and never investigated Cain for anything. *See* Declaration of Defense Counsel.

DEF MOTION FOR PROTECTIVE ORDER IMPOSING
FINANCIAL PENALTIES IF VIOLATED- 10
Cause No. CV10-5700RJB
K:\RBJ\wcia07146  (BI  -  Koenig)\Pleadings\p-030111-public records motion.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

Based on nothing more than third-hand rumors, Plaintiff has shown a willingness to extrapolate on gossip and to engage in outright fabrication in her efforts to smear Officer Cain. Defendants' fear that Plaintiff will disseminate these investigations even if a conventional protective order exists are well-founded. She is a member of the Washington State Bar Association, and an officer of the court, yet has shown no hesitation in making wild, unsubstantiated allegations about Officer Cain. Based on her conduct, it would be naive for Defendants to rely on an abstract protective order in hope that Plaintiff would not disseminate these investigations to third parties in further efforts to persecute Officer Cain.

### C. A Liquidated Damages Provision in the Protective Order is Necessary

Based on Plaintiff's outrageous conduct, Defendants are reluctant to provide these investigations unless there are tangible consequences should Plaintiff violate a protective order and disseminate the information to the public. As set forth in Defendants' Proposed Order, Defendants are deferring to the Court regarding the exact liquidated damages or financial consequences provision should Plaintiff violate the Order. A liquidated damages or financial penalty provision is necessary, however, and the Court should order that any disclosure be premised upon such conditions.

In the alternative, the Court should order that access to the investigations be restricted solely to Plaintiff's counsel, licensed private investigators and staff. Plaintiff has no need to access this information to prosecute her lawsuit or defend the malicious prosecution counterclaim. Counsel can provide no credible explanation as to why Plaintiff needs access to these investigations to prosecute her case.

### VI.   CONCLUSION

DEF MOTION FOR PROTECTIVE ORDER IMPOSING
FINANCIAL PENALTIES IF VIOLATED- 11
Cause No. CV10-5700RJB
K:\RBJ\wcia07146 (BI - Koenig)\Pleadings\p-030111-public records motion.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

Plaintiff is a licensed attorney and Officer of the Court. Accordingly, she should be well versed in the dangers of making very serious allegations that can only be substantiated, at best, by third-hand rumors and gossip. Yet in her effort to smear the reputation of Officer Cain, she has made wild accusations which include asserting that he has a criminal record, is a rapist, and had to "flee" his home state of Indiana. There is no factual basis for any of these claims.

Plaintiff's willingness to recklessly throw out such accusations even as she is an officer of the law demonstrates the need for a protective order with built-in financial sanctions. Plaintiff's extraordinarily reckless behavior provides a sound basis for Defendants' concern that Plaintiff will disseminate non-public information to unauthorized third parties unless she is faced with tangible financial penalties for violation of the Court's order.

Based on the above, the Court should enter an order imposing financial penalties on Plaintiff should she disseminate the investigations in question to third parties. In the alternative, the Court should restrict access to the investigations solely to Plaintiff's counsel, licensed private investigators, and Plaintiff's duly disclosed experts. There is no need for Plaintiff to access these investigations to prosecute her lawsuit or defend the malicious prosecution counterclaim. Plaintiff's counsel can ably represent Plaintiff's interests without Plaintiff actually accessing the investigations in question.

DATED this 11th day of March, 2011.

s/ Richard B. Jolley
WSBA #23473
Keating, Bucklin & McCormack, Inc., P.S.
800 Fifth Avenue, Suite 4141
Seattle, WA 98104
Telephone: (206) 623-8861 Fax: (206) 223-9423
E-mail: rjolley@kbmlawyers.com

DEF MOTION FOR PROTECTIVE ORDER IMPOSING
FINANCIAL PENALTIES IF VIOLATED- 12
Cause No. CV10-5700RJB
K:\RBJ\wcia07146  (BI  -  Koenig)\Pleadings\p-030111-public  records
motion.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE  (206) 623-8861
FAX:  (206) 223-9423

# DECLARATION OF SERVICE

I hereby declare under penalty of perjury under the laws of the State of Washington, that on March 11, 2011, I electronically filed with the Clerk of the Court the foregoing Motion for Protective Order Imposing Financial Penalties using the CM/ECF system which will send notification of such filing to the following:

Michael Withey
Law Offices of Michael Withey
601 Union Street, Ste 4200
Seattle, WA 98101
*Attorney for Plaintiff*

        s/Beverly A. Eberhardt
        Keating, Bucklin & McCormack, Inc., P.S.
        800 Fifth Avenue, Suite 4141
        Seattle, WA 98104
        Ph: 206-623-8861
        Fax: 206-223-9423
        beberhardt@kbmlawyers.com

DEF MOTION FOR PROTECTIVE ORDER IMPOSING
FINANCIAL PENALTIES IF VIOLATED- 13
Cause No. CV10-5700RJB
K:\RBJ\wcia07146  (BI  -  Koenig)\Pleadings\p-030111-public records motion.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423