THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIM DIANE KOENIG,<br><br>Plaintiff,<br>vs.<br><br>CITY OF BAINBRIDGE ISLAND, BAINBRIDGE ISLAND POLICE DEPARTMENT, STEVEN CAIN,<br><br>Defendants. | No. CV-05700-RJB<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR A PROTECTIVE ORDER |

## I.   INTRODUCTION

Without citing the slightest legal justification or authority whatsoever or any showing of good cause, the Defendants ask this Court impose a protective order on reports that the Defendants themselves have characterized and described the findings of in the press. Defendants then asks this Court to assume that this protective orders will not be complied with by Plaintiff despite the fact she is an active member in good standing of the Washington Bar Association. Defendants argue that this Court should impose a "liquidated damages provision" in such order that would summarily punish Plaintiff for making any disclosure to unauthorized parties.

PLAINTIFF'S OPPOSITION TO
DEFENDANTS MOTION FOR A                1
PROTECTIVE ORDER

Only the Court, not the defendants unilaterally, can determine whether its' orders have been violated. A "liquidated damages provision" is unnecessary, unwise and unworkable. Defendants cannot provide citation to a single court decision which has entered such an order and, instead, relies upon name calling and unsubstantiated suspicions about Plaintiff's motives and character. For the reasons cited herein, defendants have made no showing of good cause for the entry of a protective order prohibiting the unauthorized disclosure of the two police department investigative reports. To the contrary, Defendants' own counsel, Richard Jolley and its other agents have publicly disclosed the content and conclusions of these two reports. That selective and self-interested disclosure belies any assertion that these reports are confidential or deserving of any protective order. Neither police agency has requested such a protective order. Defendants do not deny that these reports are clearly discoverable in this personal injury action. In meet and confer conferences Plaintiff's counsel agreed to a protective order only if it did not impose any liquidated financial penalty and if Plaintiff were allowed to see the reports. See Withey Declaration filed herewith. Defendants disagreed and brought this motion instead.

## II. FACTUAL BACKGROUND

A. <u>The facts underlying this cause of action are clearly stated in the Complaint.</u>

On the morning of October 1, 2007, Ms. Koenig, a resident of Bainbridge Island, and her husband, Mr. John Muenster, were driving when they were stopped by Bainbridge Island Police Officer Richard Christopher. Compl. ¶ 6-9. Christopher questioned Mr. Muenster, the driver of the vehicle. Compl. ¶ 7. He asked Mr. Muenster to

PLAINTIFF'S OPPOSITION TO
DEFENDANTS MOTION FOR A
PROTECTIVE ORDER

2

Law Offices of Michael Withey
601 Union Street, Ste. 4200
Seattle, WA 98101
206-405-1800
Fax: 866-793-7216

step out the vehicle and he continued to interrogate him. Compl. ¶ 9. At this time, other officers had arrived at the scene. *Id.* Ms. Koenig, who is at all times relevant an attorney licensed to practice law in the State of Washington, exited her vehicle to assist her husband in the matter. Comp. ¶ 11. She explained to Defendant Cain that, as a licensed attorney, she wished to provide legal advice to her husband and to advise him of his rights during this interrogation. *Id.* Rather than following protocol and allowing Ms. Koenig to advise Mr. Muenster of his rights, Cain responded angrily and accosted her. Compl. ¶ 12. In fact, he arrested her and physically forced her back toward his police vehicle and sexually assaulted her by rubbing his penis against her body and forcibly "dry humped" her. *Id.* At this point, Ms. Koenig cried out for help to the other police officers standing nearby, but Defendant Cain strangled her around her neck. Compl. ¶ 13. When the nearby officers failed to address the situation, she tried to lift her head to call out to a passing car for help. *Id.* Defendant Cain falsely arrested Ms. Koenig of false charges of obstructing and resisting arrest and placed her in the back of the patrol car. Compl. ¶ 17. Bainbridge Island Police Officer Lt. Chris Jensen approached the patrol car concerned about her welfare because, according to the Puyallup Police Report, he was aware of a prior sustained complaint of sexual misconduct and inappropriate sexual contact by Defendant Cain against another female suspect. Compl. ¶ 14.

Ms. Koenig was then transported to the Bainbridge Island Police facility where she was detained, fingerprinted, and photographed. Compl. ¶ 15. Defendant Cain filed a false and defamatory police report to cover up the true events of October 1, 2007 by claiming that Ms. Koenig had obstructed and resisted arrest, failed to disclose that he had

PLAINTIFF'S OPPOSITION TO
DEFENDANTS MOTION FOR A
PROTECTIVE ORDER

3

Law Offices of Michael Withey
601 Union Street, Ste. 4200
Seattle, WA 98101
206-405-1800
Fax: 866-793-7216

physically abused and sexually assaulted her by falsely stating that he had hip checked her and falsely stated that she was intoxicated at the time of her arrest. Compl. ¶ 17.

B. <u>The Motion provides the Court with an obviously biased and self-interested recitation of the facts from the defendants' standpoint.</u>

The salient feature of this case is Officer Cain's frank admission in the police report he filed on October 1, 2007, that he "used his hip to restrain" Plaintiff in the process of arresting her. *See* Withey Decl. Exh. 2. The evidence at trial will show that a "hip check" is a description of a maneuver that is unknown to modern law enforcement and is not part of the training protocol of any police department in the United States, let alone that of the Bainbridge Island Police Department. In fact it is little more than a futile attempt to somehow justify the misuse of force so as explain the physical symptoms and discoloration suffered by Plaintiff, all as described in subsequent physical examinations documented in her medical records. What Plaintiff describes vividly as his "dry humping" her, Officer Cain attributes to his "using his hips." The jury will have to decide what actually occurred.

Tellingly, Defendants' Motion on page 1 places the phrase legal advice in quotations as if there were something fishy or suspicious about the Plaintiff, a licensed attorney, providing advice to a potential client, her husband, who was then being interrogated by the police. The police report written by Officer Richard Christopher for the Bainbridge Island Police Department confirms the Plaintiff's version of these events: "Muenster said he wanted to talk with an attorney, that the family passenger was his wife (Kim Koenig) and she was an attorney. He asked her what he should do. **She told him that he should remain silent, exercise his rights and not take any tests.**" See Jolley

PLAINTIFF'S OPPOSITION TO
DEFENDANTS MOTION FOR A
PROTECTIVE ORDER

4

Law Offices of Michael Withey
601 Union Street, Ste. 4200
Seattle, WA 98101
206-405-1800
Fax: 866-793-7216

Declaration on file, Exh. A at p. 4 (emphasis added). That is proper legal advice. It was completely appropriate for Plaintiff to advise of this option and to continue to stand beside him and continue to offer him advice as the interrogation and investigation by the police went forward.

It was at this point that Officer Cain arrived on the scene and, without any legal authority or justification whatsoever, verbally and then physically restrained Plaintiff preventing her from providing such legal advice to her husband. Rather Cain placed her under arrest for obstruction a police officer, handcuffed her and then physically choked and sexually assaulted here, all as pled in the complaint. Needless to say, all charges against both John Muenster and Kim Koenig were summarily dismissed.

### C. The Nature, Existence and Conclusions of the Mercer Island Police and Puyallup Police have Been Disclosed to the Public by Defendants Counsel and other Policymakers.

The facts pertaining to the two investigations conducted by the Mercer Island Police Department and the Puyallup Police Department are unknown to Plaintiff except to the extent such investigations have been mischaracterized by defense counsel Richard Jolley and other of the defendants' policymakers to the press or are described in the court record related thereto when the City of Bainbridge brought lawsuits against those two police agencies to prevent their disclosure.

Richard Jolley, counsel for the City of Bainbridge Island, made statements to the Bainbridge Review on February 9, 2008 indicating that the decisions and the police's actions on the evening of the assault were ratified by the City of Bainbridge after the external investigations. See Withey Declaration, Exhibit 1. Jolley stated:

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR A PROTECTIVE ORDER  5

Law Offices of Michael Withey
601 Union Street, Ste. 4200
Seattle, WA 98101
206-405-1800
Fax: 866-793-7216

> "Puyallup Police investigated whether a crime was committed by Bainbridge officers, while Mercer Island Police sought to determine whether officers violated internal city policies. Both departments ruled the actions of the Bainbridge officers in the incident were **justified**...[t]he city takes any kind of investigation like this **very seriously**...[o]ur hope is that this will not turn into a lawsuit, but if it does we would vigorously defend against it and are confident the city and the officers involved will be completely vindicated."

*Id.* (Emphasis added)

The Bainbridge Review newspaper article was entitled *"Claim alleges police misconduct"* wherein it states:

> "Attorney Richard Jolley, representing the city, said the incident already has been independently investigated by two other police departments. **Both investigations were based on interviews with those involved, he said.** Puyallup Police investigated whether a crime was committed by Bainbridge officers, while Mercer Island Police sought to determine whether officers violated internal city policies. Both departments ruled the actions of the Bainbridge officers in the incident were justified."

*See* Withey Decl., Exh. 2 (emphasis added).

Subsequently, Jolley has refused to provide Plaintiff's counsel with information regarding whether he was authorized to make these statements to the press, and if so, who authorized him to do so. See Withey Declaration. Furthermore, Jolley has declined to inform Plaintiff's counsel of the following: (1) what the bases of the statements were; (2) what further information he knew about the Plaintiff's arrest; (3) what the "independent investigation" by the Puyallup Police Department and the Mercer Island Police Department entailed; and, (4) who was interviewed for such investigations. See Withey Declaration.

PLAINTIFF'S OPPOSITION TO
DEFENDANTS MOTION FOR A     6
PROTECTIVE ORDER

Law Offices of Michael Withey
601 Union Street, Ste. 4200
Seattle, WA 98101
206-405-1800
Fax: 866-793-7216

The article in the Bainbridge Review stated that both investigations, according to Jolley, were based on interviews with those involved when, in fact, neither the Plaintiff nor John Muenster had been talked to. In a Kitsap Sun newspaper article entitled, *"Puyallup Report Finds No Crime by Bainbridge Officer During 2007 Traffic Stop"* former Deputy Chief Mark Duncan told the press, "the investigations did not 'substantiate' Koenig's allegations against Cain." *See* Withey Decl., Exh. 2. There is also a Bainbridge Notebook article entitled, *"City hit with misconduct claim"* wherein former Deputy Police Chief Mark Duncan told the press, "neither department [referring to Mercer Island and Puyallpu] found evidence to sustain the allegations." *See* Withey Decl., Exh. 3.

### III. LEGAL ARGUMENT

#### A. SUMMARY OF ARGUMENT

Defendants have not provided the slightest "good cause" for such an unfair and one-sided restriction as is required under Fed. R. Civ. Pro 26. There is no claim that the disclosure of such reports would result in annoyance, embarrassment, oppression or place an undue burden or expense upon the defendants. To the contrary, the imposition of a protective order would place an undue burden upon Plaintiff's ability to prosecute this action.

Clearly when it suited Mr. Jolley's and Deputy Police Chief Duncan's self interest to characterize the investigations publicly, they obviously felt themselves unbound by any confidentiality requirement or a "protective order" as is now presently sought, since that would prevent the disclosure to unauthorized persons, including the public. Yet now the

Defendants insist on having a protective order entered now to prevent Plaintiff's full and unfettered access to the reports and the ability to disclosure its substance to anyone other than the parties, their counsel and their experts/investigators. Those restrictions place an undue burden on Plaintiff's right to fully investigate this case, to interview witnesses named in those reports, and to reveal the content and nature of the two police investigations to them as well as to Plaintiff's treating physicians and counselors.

Having taken the liberty of describing those two police investigations to the press, it is curious that Mr. Jolley took the original position that he would provide the two police investigation reports to the Plaintiff's counsel only on condition that the Plaintiff herself not review or have access to them. *Id.* That proposal was flat out rejected, for the obvious reason that the Plaintiff herself would have the best basis of sifting fact from fiction in those reports. *Id.* It was only then that Mr. Jolley came up with the misguided idea that the police investigations could be provided to Plaintiff provided that she agree to a "liquidated damages clause" that would apparently allow Mr. Jolley to be the sole arbiter of whether Plaintiff violated an order of this Court. When pressed by Plaintiff's counsel to describe any time such a provision has found its way into such a protective order or to provide any legal precedent for such a clause, Mr. Jolley could not and demurred. *Id.* He nevertheless brought this motion.

B. <u>UNDER FRCP 26(c) GOOD CAUSE DOES NOT EXIST FOR THE ENTRY OF A PROTECTIVE ORDER OR A LIQUIDATED DAMAGES PROVISION</u>

The Federal Rules of Civil Procedure Rule 26(c) provide that a Court may enter a protective order prohibiting the disclosure of discoverable materials only upon "good cause":

PLAINTIFF'S OPPOSITION TO
DEFENDANTS MOTION FOR A
PROTECTIVE ORDER

8

Law Offices of Michael Withey
601 Union Street, Ste. 4200
Seattle, WA 98101
206-405-1800
Fax: 866-793-7216

> "Rule 26(c) of the Federal Rules of Civil Procedure governs here, providing that a trial court may grant a protective order **"to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."**
>
> The relevant standard for purposes of Rule 26(c) is whether "`good cause' exists to protect th[e] information from being disclosed to the public by **balancing the needs for discovery against the need for confidentiality."** *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). "

See *Pintos v. Pacific Creditors Association*, 605 F.3d 665, 678 (9th Cir. 2010)(en banc) (emphasis added).

Here no good cause exists for either the entry of an order or for the imposition of a liquidated damages clause. Defendants have made no showing of good cause. Rather the Motion presumes that good cause exists and that a protective order will be entered. It states that the Public Record Act litigation surrounding these investigations illustrates that these investigations are "not for public consumption." See Motion at p. 9. No showing any embarrassment, annoyance, harassment or undue burden is alleged. The two police agencies have not asked to intervene to prevent the disclosure or to state why disclosure to the Plaintiff would be inappropriate.

But defendants correctly concede that the standard for the public disclosure of these reports under the Washington State Public Records Act is different than the standard for disclosure to a party litigant under the federal discovery rules, particularly a party who is the principal witness and victim. See Motion at p. 9. Relevance to the subject matter is the discovery standard under Fed. R. Civ. Proc 26. Here, balancing the "need for discovery, with the "harm of disclosure", under *Pintos, supra,* leads one to the conclusion that the need for discovery is manifest, yet the supposed "harm of disclosure" is nowhere stated or found in the Motion or supporting declarations. No allegations of

PLAINTIFF'S OPPOSITION TO
DEFENDANTS MOTION FOR A        9
PROTECTIVE ORDER

Law Offices of Michael Withey
601 Union Street, Ste. 4200
Seattle, WA 98101
206-405-1800
Fax: 866-793-7216

annoyance, embarrassment, harassment or under burden or expense are even made. To the contrary, both Mr. Jolley and Chief Duncan have previously disclosed the nature, content and conclusions of these two police investigations.

Yet, given the nature and subject matter of the police investigative reports, i.e., an outside investigation into the very police actions that gave rise to this lawsuit, the "need of disclosure" standard is clearly met. The reports are likely to contain witness statements, interviews with at least the arresting officers and defendants, perhaps some reference to or testing or analysis of physical, forensic or photographic evidence, and the like.

### C. THE DEFENDANTS' ATTEMPT TO MALIGN PLAINTIFF AS IN 'RECKLESS DISREGARD' OF THE TRUTH FALLS FLAT

The sole justification for the Defendants' efforts to have the court impose a protective order with a "liquidated damages clause" in a protective order is their litany of alleged "baseless claims" made by Plaintiff in a variety of public forums. They have not shown that Plaintiff would not abide by an order of this Court. They have not provided any examples of other court orders Plaintiff has ignored or violated. Rather the principal basis of the claimed need of a liquidated damages clause is because Plaintiff has made the "absurd claim" that Officer Cain "dry humped" her in the presence of other police officers. In fact, the dry humping was not within the clear view of other police officers. But that factual dispute is for the jury to decide. A court should not presume the "absurdity" of such an allegation as grounds for entering a liquidated damages clause in a protective order.

PLAINTIFF'S OPPOSITION TO
DEFENDANTS MOTION FOR A  10
PROTECTIVE ORDER

Law Offices of Michael Withey
601 Union Street, Ste. 4200
Seattle, WA 98101
206-405-1800
Fax: 866-793-7216

The rest of the defendants' diatribe against Plaintiff is completely off base. Plaintiff, in various First Amendment-protected communications with others regarding Officer Steve Cain's prior history involving sexual assault allegations, was quoting articles that appeared in numerous newspapers and reports. *See*, e.g., Withey Decl., Exh. 2 quoting Bainbridge Island Police Lt. Christopher Jenson as stating that in the early 1990's, Cain had a "sustained accusation of having sex with a suspect and it caused some issues and complaints for awhile and some heartache." Defendants presume, without the slightest offer or proof, that the characterizations of Officer Cain's history are false. But again, this argument is for the jury in the trial of this case. A court cannot enter a protective order based upon one party's speculation and supposition. Good cause must be found, based upon proof of some articulated harm of disclosure. *Pintos, supra.* Here none has been shown.

Furthermore, the Court has ample powers to impose severe sanctions, under Fed. R. Civ. Proc. 37(b) if its discovery orders are violated by any party. These include monetary sanctions, striking pleadings, finding facts established for the purpose of this action and even dismissal of claims in extreme circumstances. *Id.* Defendants make no showing that the Court must anticipate in advance what sanction to impose by inserting a liquidated damages clause in any protective order entered.

Nor do the Defendants explain how such a provision could be enforced. The term "liquidated" implies that some pre-set amount of damages will be owed by the Plaintiff based upon the Defendants' assertion that she has disclosed the two police reports in contravention of the protective order. But the defendants' Motion is silent as to how a

PLAINTIFF'S OPPOSITION TO
DEFENDANTS MOTION FOR A
PROTECTIVE ORDER

11

Law Offices of Michael Withey
601 Union Street, Ste. 4200
Seattle, WA 98101
206-405-1800
Fax: 866-793-7216

violation of the Court's order is to be established. By the defendants' unilateral assertion? This cannot stand.

A party's right to procedural due process would clearly require that any sanction could only be imposed by the Court after notice and a hearing, with opportunity of all parties to be heard. But in that case there is nothing "liquidated" about the sanctions. Such sanction, if any, would be up to the Court to determine, based upon the proof shown, the level of culpability found, the egregiousness, if any of the transgression and the prejudice to the opposing party, etc. This Court has ample powers to insure its orders are followed. The use of a liquidated damages clause is completely unworkable and unnecessary. The Motion should be denied.

DATED this 30th day of March, 2011.


s/ Michael E. Withey
MICHAEL E. WITHEY, WSBA #4787
LAW OFFICES OF MICHAEL WITHEY, PLLC
Two Union Square
601 Union Street, Suite 4200
Seattle, WA 98101
Telephone: (206)405-1800  Facsimile: (866)793-7216
Email: Mike@witheylaw.com

PLAINTIFF'S OPPOSITION TO
DEFENDANTS MOTION FOR A
PROTECTIVE ORDER

12

Law Offices of Michael Withey
601 Union Street, Ste. 4200
Seattle, WA 98101
206-405-1800
Fax: 866-793-7216

# CERTIFICATE OF SERVICE

The undersigned certifies that on this day she caused to be served via email, a copy of the foregoing on the following counsel of record:

Richard B. Jolley
800 5th Ave Ste 4141
Seattle, WA 98104-3189

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct this 30th day of March, 2011.


s/ Ronnette Peters Megrey
Ronnette Peters Megrey, Paralegal
Signed at Seattle, Washington

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR A PROTECTIVE ORDER

13

Law Offices of Michael Withey
601 Union Street, Ste. 4200
Seattle, WA 98101
206-405-1800
Fax: 866-793-7216