THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIM DIANE KOENIG,<br><br>                  Plaintiff,<br><br>v.<br><br>CITY OF BAINBRIDGE ISLAND, BAINBRIDGE ISLAND POLICE DEPARTMENT, STEVEN CAIN,<br><br>                  Defendants. | No. CV10-5700RJB<br><br>DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER<br><br>NOTED FOR: April 1, 2011 |

**Defendants Are Not Seeking to Withhold the Investigations**

Plaintiff expends significant energy articulating why the investigations in question are discoverable. Plaintiff argues a moot point. Defendants do not seek to completely withhold either investigation. Defendants merely seek to ensure that Plaintiff does not disclose these investigations to third parties. Plaintiff's opposition essentially concedes that Plaintiff has attacked Officer Cain in a variety of public forums with allegations that range from highly questionable to utterly false.

Defendants are more than willing to either: (1) Provide the investigations to Plaintiff conditioned only upon a protective order that imposes financial sanctions should

DEF REPLY TO PLT. OPPOSITION TO
PROT ORDER MOTION - 1
Cause No. CV10-5700RJB
K:\RBJ\wcia07146 (BI - Koenig)\Pleadings\p-040111-reply to prot order opposiitondoc.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

she provide the investigation to unauthorized third parties; or (2) Provide the investigations to Plaintiff's counsel but restrict Plaintiff from personally accessing the investigations. Defendants make no claim that the investigations are not discoverable. Plaintiff's efforts to argue that point are immaterial.

**Statements by Defense Counsel Have No Bearing on This Motion**

Plaintiff's opposition asserts that the protective order sought should be denied because defense counsel responded to questions from a newspaper reporter regarding the claim filed by Plaintiff. Beyond Plaintiff's bizarre assertion that the generic statement referenced renders counsel a "witness", the newspaper quote has no bearing on this motion. Assuming, arguendo, that this frivolous and sanctionable assertion has a legal basis, that issue is immaterial to the merits of the protective order motion.

Defense counsel's general statement in response to media questioning does not offset the concern that Plaintiff would use the investigations to further attempt to smear Officer Cain. Nor does it address why Plaintiff's counsel cannot adequately represent Plaintiff without Plaintiff personally accessing the investigations. Whether defense counsel "ratified" certain actions is immaterial to the questions before the Court. Defendants' basis concerning Plaintiff's potential to use these investigations for improper purposes is thoroughly documented. Plaintiff's focus on characterizing defense counsel as a witness is material, however, in one regard. It illustrates how little substantive opposition Plaintiff can muster to a protective order necessitated by Plaintiff's relentless efforts to smear Officer Cain.

**Plaintiff's Opposition Demonstrates the Need for Financial Incentives to Comply with a Protective Order**

DEF REPLY TO PLT. OPPOSITION TO
PROT ORDER MOTION - 2
Cause No. CV10-5700RJB
K:\RBJ\wcia07146 (BI - Koenig)\Pleadings\p-040111-reply to prot order opposiitondoc.doc

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

Conspicuously absent from Plaintiff's opposition is a declaration from Plaintiff indicating that she has no intention of disseminating these investigations to unauthorized third parties. Also absent is anything other than a tepid effort to deny that Plaintiff has blatantly fabricated a number of allegations about Officer Cain. These admissions by omission demonstrate the need for tangible financial penalties to ensure Plaintiff's compliance with any protective order entered.

Plaintiff's zeal for smearing Officer Cain is well-documented. Plaintiff's opposition offers no support for the litany of false accusations leveled at Officer Cain – felon, fugitive from justice, embezzler, and known "sexual offender". Plaintiff's counsel shrugs off these baseless and outrageous claims by simply asserting they are "First Amendment protected".

Plaintiff's sole effort to justify the smears of Officer Cain – his supposed sexual assault of a "suspect" - reveals the depths plumbed by Plaintiff. Based on nothing more than a third-hand newspaper snippet, Plaintiff has extrapolated that Officer Cain is a serial rapist. The singular fact that she is willing to throw out such egregious allegations based on such sketchy information justifies imposition of the protective order sought.

Sadly, Plaintiff's counsel likewise seems willing to join Plaintiff in this race to the bottom. Plaintiff's opposition disingenuously references Officer Cain "using his *hips*" to lend credence to her preposterous claim that Officer Cain "dry humped" her. (Plaintiff's opposition at page 4, lines 14-15). In an effort to paint a word picture substantiating some admission of sexual maneuvering by Officer Cain, Plaintiff's counsel simply fabricates this claim. A quick review of Exhibit 2 to Plaintiff's declaration reveals the true quote.

> Cain said in his own report that he'd warned Koenig not to interfere with the initial officer's investigation of her

DEF REPLY TO PLT. OPPOSITION TO
PROT ORDER MOTION - 3
Cause No. CV10-5700RJB
K:\RBJ\wcia07146 (BI - Koenig)\Pleadings\p-040111-reply to prot order opposiitondoc.doc

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

> husband, but when she did anyway, he arrested her for obstructing. Cain said that when he tried to put her in the back seat of his patrol car, she refused. He told investigators he "used his *hip*" to hold her against the car while he used his free hand to call for back up.

Declaration of Plaintiff's Counsel, page 2 of Exhibit 2.

The above efforts by Plaintiff and counsel demonstrate the need for the specific protective order sought. Hopefully, an order which imposes immediate concrete financial sanctions will dissuade Plaintiff from disseminating the investigations in question to third parties.

**Plaintiff's Counsel Can Vigorously Represent Plaintiff Regardless of her Access to the Investigation**

Plaintiff's counsel claims that if Plaintiff cannot personally access the investigations, this restricts his ability to investigate the case, interview witnesses, or adequately represent Plaintiff's interests. In fact, Plaintiff's opposition admits that Plaintiff wants to provide these investigations to third parties. It is a logical inference to conclude that what Plaintiff actually seeks is to obtain these investigations and continue her efforts to smear Officer Cain. If Plaintiff's counsel, experts, and investigators can access these investigations, Plaintiff personally has no need to access the investigations. Likewise, there is no need for dissemination to unauthorized third parties.

Further, Plaintiff can make no serious argument that these investigations are for public consumption. The rulings in the Public Records Act cases demonstrate that these investigations are not for public consumption. Beyond platitudes, Plaintiff's opposition can provide no substantive reason why third parties or Plaintiff personally need to access these investigations.

DEF REPLY TO PLT. OPPOSITION TO
PROT ORDER MOTION - 4
Cause No. CV10-5700RJB
K:\RBJ\wcia07146 (BI - Koenig)\Pleadings\p-040111-reply to prot order opposiitondoc.doc

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

Finally, Plaintiff's opposition fails to articulate any sound basis for why a protective order imposing financial sanctions is unworkable. If the Court is persuaded that the financial penalties provision is too cumbersome, then the Court should simply restrict Plaintiff's personal access to these investigations. Plaintiff's outrageous efforts to smear Officer Cain justify that restriction and the protective order should be granted.

**Character Assassination in Public Forums is Annoying, Embarrassing, and Oppressive**

Plaintiff's opposition asserts that Defendants have not articulated how these investigations' dissemination to third parties is embarrassing, annoying or oppressive. Defendants now assert the obvious. Plaintiff's baseless efforts to assassinate Officer Cain's character in a public venue clearly cause harms contemplated by the language of FRCP 26(c).

Should Plaintiff acquire the investigations in question, and disseminate to unauthorized third parties, the harms referenced in the rule would be further inflicted upon Officer Cain. Plaintiff has already irreparably damaged Officer Cain's character and reputation with her baseless and/or fabricated accusations. She should not be permitted further opportunity to do so by improperly using the investigations at issue. Defendants have provided sound reasons for imposition of the proposed protective order and the order should be granted.

RESPECTFULLY SUBMITTED this 1st day of April, 2011.

> s/ Richard B. Jolley
> WSBA #23473
> Keating, Bucklin & McCormack, Inc., P.S.
> 800 Fifth Avenue, Suite 4141
> Seattle, WA 98104
> Telephone: (206) 623-8861 Fax: (206) 223-9423
> E-mail: rjolley@kbmlawyers.com

DEF REPLY TO PLT. OPPOSITION TO
PROT ORDER MOTION - 5
Cause No. CV10-5700RJB
K:\RBJ\wcia07146 (BI - Koenig)\Pleadings\p-040111-reply to prot order opposiitondoc.doc

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

# DECLARATION OF SERVICE

I hereby declare under penalty of perjury under the laws of the State of Washington, that on April 1, 2011, I electronically filed with the Clerk of the Court the foregoing Court, Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Protective Order using the CM/ECF system which will send notification of such filing to the following:

Michael Withey
Law Offices of Michael Withey
601 Union Street, Ste 4200
Seattle, WA 98101
*Attorney for Plaintiff*

                                            s/Beverly A. Eberhardt
Keating, Bucklin & McCormack, Inc., P.S.
800 Fifth Avenue, Suite 4141
Seattle, WA 98104
Ph: 206-623-8861
Fax: 206-223-9423
beberhardt@kbmlawyers.com

DEF REPLY TO PLT. OPPOSITION TO
PROT ORDER MOTION - 6
Cause No. CV10-5700RJB
K:\RBJ\wcia07146 (BI - Koenig)\Pleadings\p-040111-reply to prot order opposiitondoc.doc

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423