UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIM DIANE KOENIG,<br><br>              Plaintiff,<br><br>    v.<br><br>CITY OF BAINBRIDGE ISLAND, BAINBRIDGE ISLAND POLICE DEPARTMENT, STEVEN CAIN,<br><br>              Defendants. | CASE NO. C10-5700 RJB<br><br>ORDER RE: MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Defendants' motion for a protective order imposing financial penalties if violated. Dkt. 13. The Court has considered the motion, response, reply, and the relevant documents herein.

**INTRODUCTION AND BACKGROUND**

Plaintiff brings this civil rights action against Defendants Police Officer Steven Cain and the Bainbridge Island Police Department asserting that Plaintiff was falsely arrested and physically and sexually assaulted by Officer Cain while acting under color of law. Dkt. Following Plaintiff's allegations that she was raped and strangled, the Bainbridge

Island Police Department requested that outside agencies investigate to avoid any potential conflict of interest. The Puyallup Police Department investigated whether there was any basis to charge Officer Cain with a crime for raping or assaulting. Dkt. 14 pp. 51-57. Plaintiff sought the Puyallup investigation through a public records request. The Pierce County Superior Court found that the allegations being investigated by Puyallup were "unsubstantiated" as defined in Public Records Act case law and entered an injunction precluding release of the Puyallup investigation. Dkt. 14 pp. 51-57.

The King County Superior Court granted a similar injunction when Plaintiff sought the internal investigation conducted by Mercer Island to determine whether Officer Cain had violated any Bainbridge Island Police Department policies. Dkt. 14 pp. 59-60.

The Kitsap County Superior Court granted the same injunctive relief when the same Puyallup and Mercer Island investigations were sought by non-parties pursuant to the Public Records Act. Dkt. 14 pp. 62-64.

Plaintiff now seeks the Puyallup and Mercer Island investigations through discovery. The parties agree that the investigative material is discoverable in this federal litigation under Fed. R. Civ. P. 26(b), and is nonprivileged. Defendants, however, seek to condition discovery by seeking the imposition of a financial penalty on Plaintiff in the event the documents are disseminated to unauthorized third parties. In the alternative, Defendants offer to provide the investigations premised solely upon Plaintiff's counsel agreeing to preclude Plaintiff from accessing the investigations and restricting access solely to staff, licensed investigators and experts. Dkt. 13 pp. 8. Defendant asserts that this conditional discovery is justified due to Plaintiff's relentless pursuit of Officer Steve Cain in a variety of public forums claiming that

1  Officer Cain has a criminal record, is a rapist, and has assaulted numerous other individuals.

2  Dkt. 13 pp. 2, 5-6.

## STANDARDS FOR A PROTECTIVE ORDER

The Federal Rules provide that a party may move for protective order. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including, forbidding the discovery, or limiting the scope of disclosure or discovery. Fed. R. Civ. P 26(c)(1).

The Court recognizes that unsubstantiated allegations of sexual misconduct are highly offensive to the accused and are not of legitimate concern to the public. See *Bellevue John Does 1-11 v. Bellevue Sch. Dist. No. 405*, 164 Wn.2d 199, 212, 189 P.3d 139 (2008). However, the Court is disinclined at this stage of discovery to issue a protective order that imposes financial penalties for public dissemination of discovery. In deference to Washington State's Public Records Act, RCW 42.56, the rationale of the *Bellevue John Does 1-11* case, and the Superior Court cases mentioned above (Pierce County # 08-2-10453-8, Kitsap County # 08-2-00536-6, and King County # 08-2-27392-0 SEA), the Court will order that the use and dissemination of these documents be confined to legitimate litigation purposes in the absence of further court order.

At this stage, the Court has no knowledge of the contents of the investigative material. Either party may request an *in camera* review. In the meantime, the Court has ample powers to impose severe sanctions under Fed. R. Civ. Proc. 37(b) if its discovery order is violated by either party.

## CONCLUSION

The Court, having considered the motion, response, reply, and relevant documents herein, finds that Defendants are entitled to a limited protective order. Therefore, it is hereby **ORDERED** that:

Defendants' Motion for a Protective Order (Dkt. 13) is **GRANTED IN PART AND DENIED IN PART**. The subject investigative reports are to be used only for legitimate litigation purposes and not disseminated to third parties.

Dated this 12th day of April, 2011.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge