Hon. Robert J. Bryan
Hearing Date: Monday, October 17, 2011
Hearing Time: 9:30 a.m.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIM DIANE KOENIG,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>CITY OF BAINBRIDGE ISLAND, BAINBRIDGE ISLAND POLICE DEPARTMENT, STEVEN CAIN,<br><br>　　　　　　　Defendants. | No. CV-05700-RJB<br><br>PLAINTIFFS' MOTION FOR SANCTIONS, TO EXCLUDE EVIDENCE AND TO SEAL PLEADINGS AND DOCUMENTS **WITH ORAL ARGUMENT** |

I. IDENTITY OF MOVING PARTY AND NATURE OF MOTION

Plaintiff Kim Diane Koenig, moves, under Federal Rule of Evidence 412, for an Order Granting Sanctions, Excluding Evidence and Sealing Pleadings and Documents related to the Defendant's filing of pleadings and declarations related to Plaintiff's past sexual history. Defendant filed its Opposition to Plaintiff's Motions in Limine and attached confidential reports by Plaintiff's mental health counselor which contained references to Plaintiff's prior sexual history. In addition, Defense counsel,

Richard Jolley, repeatedly referred to Plaintiff's sexual history in oral argument in open court before this Court on Friday, October 7, 2011 at the Court scheduled Pre-Trial Conference. By these pleadings and oral argument, Defendant failed to comply with the important procedural requirements of FRE 412. Sanctions, exclusion of evidence and the sealing of such pleadings and monetary sanctions are the remedies allowed by this Rule and only just and appropriate remedy.

II. FACTUAL BACKGROUND

Despite the fact that Plaintiff had filed a Motion in Limine to exclude reference to her mental health diagnosis of bi-polardisorder and had argued that the civil rules and constitutional protections of privacy should not be violated in this case, the Defendant filed in open court, without complying with the strict procedural requirements of FRE 412, an Opposition and Declaration of Richard Jolley. This Declaration attached the charts and notes of Plaintiff's mental health counselors (Dr. Fischer) (See Jolley Declaration on file, Exs. C and D on file herein) which disclosed certain "sexual behavior and sexual predisposition" of Plaintiff. Plaintiff is a "sexual victim" of Officer Cain's assault upon her and therefore falls within the protection of this important rule. Plaintiff is constrained in this pleading in open court from describing such sexual behavior and disposition but invites the Court, after sealing all such pleadings and references, to review this pleading in camera to verify for itself that such statements were in fact made.

PLAINTIFFS' MOTION FOR SANCTIONS,
TO EXCLUDE EVIDENCE AND TO SEAL
PLEADINGS AND DOCUMENTS **WITH**
**ORAL ARGUMENT**

2

Law Offices of Michael Withey
601 Union Street, Ste. 4200
Seattle, WA 98101
206-405-1800
Fax: 866-793-7216

## III. LEGAL ARGUMENT

### A. DEFENDANT WAS REQUIRED TO COMPLY WITH FRE 412 AND FAILED TO DO SO.

Under FRE 412, evidence offered to prove that an alleged victim of sexual assault engaged in other sexual behavior or to prove her sexual "predisposition" is inadmissible. The Rule applies to a civil case:

> In a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Evidence of an alleged victim's reputation is admissible only if it has been placed in controversy by the alleged victim.

A strict procedure to determine the admissibility of any such proferred evidence is provided in FRE 412(c):

> (1) A party intending to offer evidence under subdivision (b) must —
>
> (A) file a written motion at least 14 days before trial specifically describing the evidence and stating the purpose for which it is offered unless the court, for good cause requires a different time for filing or permits filing during trial; and
>
> (B) serve the motion on all parties and notify the alleged victim or, when appropriate, the alleged victim's guardian or representative.
>
> (2) Before admitting evidence under this rule the court must conduct a hearing in camera and afford the victim and parties a right to attend and be heard. The motion, related papers, and the record of the hearing must be sealed and remain under seal unless the court orders otherwise.

Under controlling case law, the term "past sexual behavior" is very broad:

> "Past sexual behavior" is defined as "sexual behavior other than the sexual behavior with respect to which an offense under chapter 109A of title 18, United States Code is alleged." Fed.R.Evid. 412(d). This definition has been read broadly. "Rule 412(d) defines `past sexual behavior' to include all sexual conduct other than the rape or assault that is in issue. Hence, the rule embraces all sexual conduct of the victim." 23 C. Wright & K.

PLAINTIFFS' MOTION FOR SANCTIONS,
TO EXCLUDE EVIDENCE AND TO SEAL
PLEADINGS AND DOCUMENTS **WITH**
**ORAL ARGUMENT**

3

Law Offices of Michael Withey
601 Union Street, Ste. 4200
Seattle, WA 98101
206-405-1800
Fax: 866-793-7216

Graham, Federal Practice and Procedure: Evidence § 5384, at 541 (footnotes omitted) (1980); *see also People v. Stull,* 127 Mich. App. 14, 17, 338 N.W.2d 403, 405 (1983) (holding that "prior" in similar state statute meant prior to trial); Haxton, Rape Shield Statutes: Constitutional Despite Unconstitutional Exclusions of Evidence, 1985 Wis.L.Rev. 1219, 1227 (1985) ("prior" could mean prior to assault or prior to trial with latter being better interpretation). See *U.S.v. Torres,* 937 F.2d 1469, 1472 (9th Cir. 1991).

Despite it being incontrovertible that the provisions of this rule of evidence applies to this civil case, in which Plaintiff alleges she was sexually assaulted by Officer Steven Cain and is therefore a "victim" of sexual assault, the Defendant has utterly failed to comply with this Rule. Rather the Defendant filed in open court the private mental health reports by Plaintiff's trauma counselor, which refer to evidence of past sexual activity and predisposition.

B. SANCTIONS, EXCUSION OF EVIDENCE AND SEALING OF THESE DOCUMENTS IS THE ONLY REMEDY THAT IS JUST AND COMPLIES WITH THE RULE.

In a recent Ninth Circuit case directly on point, *S.M. v. J.K.,* 262 F.3d 914 (9th Cir. 2001), the Court affirmed the trial court's entering of sanctions against a party who had sought to introduce evidence that the Plaintiff had engaged in an extramarital affair, had a sexual relationship with a teach in high school, had propositioned a construction worker and had been sexually abused as a child without complying with FRE 412. Plaintiff argued that because Defendant's Rule 412 motion had not been filed under seal, as required by Federal Rule of Evidence 412(c)(2), all the evidence identified in that motion should be excluded. Further, Plaintiff argued that Defendant had not shown that the evidence's "probative value substantially outweigh[ed] the danger of harm to any victim and of unfair prejudice to any party." Fed.R.Evid. 412(b)(2). The court sanctioned

PLAINTIFFS' MOTION FOR SANCTIONS, TO EXCLUDE EVIDENCE AND TO SEAL PLEADINGS AND DOCUMENTS **WITH ORAL ARGUMENT**  4

Law Offices of Michael Withey
601 Union Street, Ste. 4200
Seattle, WA 98101
206-405-1800
Fax: 866-793-7216

Defendant for failing to file his motion under seal by denying his motion and granting Plaintiff's motion to exclude the evidence, "based upon the violation of the Rape Shield Law and public policy." The Court held:

> "As an initial matter, we hold that the magistrate judge's decision to exclude the evidence as a sanction for failing to comply with Rule 412 was proper. "A district court is vested with broad discretion to make . . . evidentiary rulings conducive to the conduct of a fair and orderly trial. Within this discretion lies the power . . . to exclude testimony of witnesses whose use at trial is in bad faith or would unfairly prejudice an opposing party." *Campbell Indus. v. M/V Gemini,* 619 F.2d 24, 27 (9th Cir. 1980) (citations omitted); *see also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.,* 982 F.2d 363, 368 (9th Cir. 1992). In this case, Defendant's failure to file his motion under seal was "a flagrant violation," *Campbell,* 619 F.2d at 27, of Rule 412(c)(2), jeopardizing the fairness of the trial and risking prejudice to Plaintiff. Even though the evidence was ultimately excluded, Plaintiff may have suffered prejudice from the public airing of the allegation of the extramarital affair. *See* Fed.R.Evid. 412 adv. comm. note ("The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details. . . ."). We therefore agree with the holding of the district court in *Sheffield v. Hilltop Sand & Gravel Co.,* 895 F.Supp. 105, 109 (E.D.Va. 1995) that "[b]y ignoring the express requirements of Rule 412(c), the defendant frustrate[s] Rule 412's objectives and presumptively inflict[s] harm upon the plaintiff." *See also Michigan v. Lucas,* 500 U.S. 145, 153, 111 S.Ct. 1743, 114 L.Ed.2d 205 (1991) ("Failure to comply with th[e] requirement[s] [of a rape shield law] may in some cases justify even the severe sanction of preclusion.").[fn2] Because Defendant undermined the purpose of Rule 412 by openly filing a laundry list of Plaintiff's alleged sexual indiscretions, the magistrate judge did not abuse his discretion by excluding the evidence." Id at pp.919-920.

The Court went on to underscore the importance of this rule and held that the trial court did not abuse its discretion in excluding evidence of the prior extramarital affair:

> "We have not previously decided explicitly if history of prior sexual abuse or instances of rape are covered by Rule 412. However, in *United States v. Cardinal,* 782 F.2d 34, 36 (6th Cir. 1986), we observed that a district court's exclusion of a

PLAINTIFFS' MOTION FOR SANCTIONS,
TO EXCLUDE EVIDENCE AND TO SEAL
PLEADINGS AND DOCUMENTS **WITH**
**ORAL ARGUMENT**

5

Law Offices of Michael Withey
601 Union Street, Ste. 4200
Seattle, WA 98101
206-405-1800
Fax: 866-793-7216

prior, withdrawn, rape accusation "demonstrated a sensitivity to the policy supporting the rape-shield rule." We recognize that excluding prior instances of sexual assault, in addition to prior accusations, serves Rule 412's "'principal purpose[:] . . . to protect rape victims from the degrading and embarrassing disclosure of intimate details about their private lives.'" *Id.* (quoting 124 Cong. Rec. H11944 (daily ed. Oct. 10, 1978) (statement of Rep. Mann)). *See also* Andrea A. Curcio, *Rule 412 Laid Bare,* 67 U. Cin. L. Rev. 125, 155-56 (1998) ("There is nothing more intimate than childhood sexual abuse, and nothing as potentially devastating to a plaintiff than to have that abuse publicly exposed.")... We hold that he did not abuse his discretion in refusing to admit evidence of the extramarital affair. Plaintiff did not open the door to more than rebuttal evidence that she had been assaulted previously. Id at p. 920.

Defendants must be held to the requirements of this Rule. The most appropriate sanctions for their failure to comply with its requirements are:

1. Excluding any and all evidence of Plaintiff's sexual history or predisposition in this case.

2. Ordering Defendants' Opposition to Plaintiffs' Motions in Limine and all Declarations and attachments be lplaced under seal.

3. Ordering monetary sanctions in the amount of $2500 for requiring Plaintiff to file this motion and to deter further such misconduct and disregard of the rules.

DATED this 11th day of October, 2011.

s/  Michael E. Withey
MICHAEL E. WITHEY, WSBA #4787
LAW OFFICES OF MICHAEL WITHEY, PLLC
Two Union Square
601 Union Street, Suite 4200
Seattle, WA 98101
Telephone: (206)405-1800  Facsimile: (866)793-7216
Email: Mike@witheylaw.com

PLAINTIFFS' MOTION FOR SANCTIONS,
TO EXCLUDE EVIDENCE AND TO SEAL     6
PLEADINGS AND DOCUMENTS **WITH
ORAL ARGUMENT**

Law Offices of Michael Withey
601 Union Street, Ste. 4200
Seattle, WA 98101
206-405-1800
Fax: 866-793-7216

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day I caused to be served via email, a copy of the foregoing on the following counsel of record:

Richard B. Jolley
800 5th Ave Ste 4141
Seattle, WA 98104-3189

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct this 11th day of October, 2011.

/s/ Tricia Russell
Tricia Russell
Signed at Seattle, Washington

PLAINTIFFS' MOTION FOR SANCTIONS,
TO EXCLUDE EVIDENCE AND TO SEAL
PLEADINGS AND DOCUMENTS **WITH**
**ORAL ARGUMENT**

7

Law Offices of Michael Withey
601 Union Street, Ste. 4200
Seattle, WA 98101
206-405-1800
Fax: 866-793-7216